UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MANUEL LARRY FALCON, | ) | CASE NO. ED CV 08-0756 R (RZ) |
| Petitioner, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| D.K. SISTO, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

In this habeas corpus action, Manuel Larry Falcon challenges his 2005 convictions for participating in gang-related shootings, for which he now is serving a lengthy California prison sentence. Because Petitioner affirmatively indicates on the face of the petition that he has not yet exhausted all of his claims in the California Supreme Court, the Court issues this Order To Show Cause.

As a matter of comity between state and federal courts, a federal court should not address the merits of a habeas corpus petition unless the petitioner first has sought state judicial review of every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, Congress has instructed that a habeas petition brought by a person in state custody shall not be *granted* "unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process

ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1) (emphasis added). Under some circumstances, an unexhausted petition may be *denied* on the merits. 28 U.S.C. § 2254(b)(2). In the usual case, however, the most appropriate course of action for a district court presented with an unexhausted petition is to dismiss the petition without prejudice. *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (reversing, as erroneous, district court's dismissal of unexhausted claim *with* prejudice).

To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In the state proceeding, the petitioner must describe both the operative facts and the federal legal theory underlying his claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000) (petitioner not only must limit his claims to those based on *federal* law but also must exhaust them first in state court, by identifying particular provisions of the Constitution or federal law which have been violated, and the facts which show such a violation). Petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir.1982). The Ninth Circuit has held, however, that *pro se* petitions are held to a more lenient standard for purposes of exhaustion than are counseled petitions. *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir.2003).

Here, even when the Court applies the more lenient standard, the face of the petition makes clear that Petitioner has not fulfilled the exhaustion requirement for Claims 2, 3 and 4, for he affirmatively admits the facts that render those claims unexhausted. Specifically, he has checked boxes on the form petition indicating that he never presented those claims to the California Supreme Court, either on direct appeal or in a habeas petition. *See* Pet. ¶ 7(b), (c), (d).

Accordingly, IT IS ORDERED that, within 30 days, Petitioner shall show cause in writing why this action should not be dismissed for failure to exhaust state remedies. If Petitioner files a First Amended Petition that presents only claims that are

fully exhausted (or, at least, claims that do not appear plainly unexhausted on the face of the petition), then the Court shall discharge this Order To Show Cause.

IT IS SO ORDERED.

DATED: June 13, 2008

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE